UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| STEVEN WILSON POARCH, SR., <br><br> **Plaintiff,** <br><br> v. <br><br> AMERICAN GENERAL FINANCIAL SERVICES, INC., a Delaware corporation, and AMERICAN GENERAL FINANCIAL SERVICES, INC., a Georgia corporation, <br><br> **Defendants.** | Case No. 3:06cv412 |

REPLY OF
DEFENDANT AMERICAN GENERAL
FINANCIAL SERVICES, INC., A DELAWARE
CORPORATION, IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER VENUE

Defendant American General Financial Services, Inc., a Delaware corporation ("AGFS-Delaware"), pursuant to Local Rule 7.1, respectfully submits this Reply in Further Support of its Motion to Transfer Venue.

**INTRODUCTION AND PROCEDURAL HISTORY**

This Court has broad discretion to determine whether transfer of this action to the more practical and efficient forum of the Southern District of Georgia is warranted. This Court should not give deference to Plaintiff's choice of forum because he cannot dispute that the majority of the events giving rise to his lawsuit occurred in Georgia.

On May 16, 2005, Plaintiff filed his original action regarding the account at issue against American General Financial Services, Inc., a North Carolina corporation ("AGFS-North Carolina"), an entity that is not a party to the instant litigation. After removing that case to

1

federal court, AGFS-North Carolina moved to dismiss the complaint on the ground that AGFS-North Carolina was not a proper party to the action. In connection with that motion, AGFS-North Carolina submitted the Declaration of Robert Steven Ritter, currently Vice-President and Assistant Secretary for AGFS-Delaware, which maintains offices in Brunswick, Georgia. Plaintiff claims that, based upon the representations contained in Mr. Ritter's Declaration, he dismissed his claims against AGFS-North Carolina and re-filed them against AGFS-Delaware and AGFS-Georgia. The chronology of Plaintiff's litigation against AGFS-North Carolina does not support this claim.

AGFS-North Carolina submitted Mr. Ritter's Declaration to Plaintiff with its motion to dismiss on June 20, 2005. Thereafter, over the course of almost thirteen months, Plaintiff served written discovery requests upon AGFS-North Carolina and noticed several depositions. *See Exhibit A*. On May 18, 2006, counsel for AGFS-North Carolina wrote to counsel for Plaintiff, reminding Plaintiff—again—that AGFS-North Carolina was not a proper party to the lawsuit. *See Exhibit B*. It was not until August 8, 2006—thirteen months after being provided with Mr. Ritter's declaration—that Plaintiff decided to dismiss his claims against AGFS-North Carolina. Accordingly, Plaintiff's claim of reliance on Mr. Ritter's Declaration falls on deaf ears.

Nonetheless, the facts that made AGFS-North Carolina an improper party have not changed. As Mr. Ritter states in the Declaration he submitted in support of AGFS-Delaware's Motion to Transfer Venue, and as he also indicated in his prior declaration, the purchase of the goods at issue occurred in Brunswick, Georgia, the financing for that purchase was approved in Brunswick, Georgia, the subject account was opened in Brunswick, Georgia, and the account was held and serviced in Brunswick, Georgia. In sum, Plaintiff knows, and has always known, that the relevant actions involving the subject account occurred in Brunswick, Georgia.

As demonstrated herein and in AGFS-Delaware's initial Memorandum of Law in Support of its Motion to Transfer Venue, for the convenience of the parties and the witnesses and in the interest of justice, this case should be transferred to the Southern District of Georgia.

**ARGUMENT**

Plaintiff's Response provides no compelling reason for this case to remain in North Carolina. Plaintiff argues, unpersuasively, that the "ease of access to proof" and "convenience of parties and witnesses" factors favor venue in North Carolina. He also argues that compulsory process is not an issue, and that it simply will be "more convenient" for his attorneys if this case remains in North Carolina. A closer look at these arguments demonstrates the weaknesses in Plaintiff's position and simply reinforces that this case belongs in Georgia.

**I. THE EASE OF ACCESS TO PROOF, THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE AVAILABILITY OF COMPULSORY PROCESS ALL FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF GEORGIA**

In his Response, Plaintiff claims that AGFS-Delaware has ignored a "very significant fact." (Response at 3). According to Plaintiff, he is a "victim of identity theft" and "was not a party to the underlying credit transaction." (*Id*. at 2-3). Unfortunately for Plaintiff, these very allegations further demonstrate why this case has no significant ties to North Carolina and should be transferred to the Southern District of Georgia.

Plaintiff concedes that the account at issue was used to purchase goods from The Flooring Zone in Brunswick, Georgia. (*Id*. at 2). By claiming that he was not a party to the transaction, he also concedes that (1) the address listed on the account application is a Darien, Georgia address; (2) the account was opened in Brunswick, Georgia; (3) the account documents are maintained in Brunswick, Georgia; (4) the account was held and serviced in Brunswick,

Georgia; and (5) information that was transmitted to the credit reporting agencies regarding the account was provided from Brunswick, Georgia.

Plaintiff attempts to distract the Court from these overwhelming ties to Georgia by claiming that the facts and circumstances surrounding the opening of the account are not at issue. (Response at 6). Plaintiff is wrong. Plaintiff's Complaint contains much more than a single Fair Credit Reporting Act claim based solely upon AGFS-Delaware's allegedly unreasonable reinvestigation. Rather, Plaintiff also brings claims for defamation, unfair and deceptive trade practices, and declaratory and injunctive relief, all based upon Plaintiff's repeated allegations that AGFS-Delaware falsely reported negative credit information about him because "he did not open the account, did not authorize anyone to open the account, and did not authorize anyone to associate his personal information with the account." (*See, e.g.*, Complaint, ¶ 10). The opening of the account at issue is at the very heart of Plaintiff's Complaint. Thus, the facts and circumstances surrounding the opening of the account at issue are <u>directly</u> relevant and will be the subject of discovery.[1]

Because the facts and circumstances surrounding the opening of the account are critical to Plaintiff's claims, and because Plaintiff concedes that all of the witnesses who can provide testimony on these facts are in Georgia, it necessarily follows that these witnesses are beyond the subpoena power of this Court. They <u>are</u>, however, within the subpoena power of the United States District Court for the Southern District of Georgia.

---

[1] Although Plaintiff claims that AGFS-Delaware "does not deny that [Plaintiff] had no connection to the account or Georgia" and that "nowhere in the record does [AGFS-Delaware] dispute that [Plaintiff] did not open the account or finance the goods," AGFS-Delaware has not filed an answer to Plaintiff's Complaint. These are disputed issues of fact that will be proved or disproved through discovery, and these facts will be determinative to Plaintiff's claims for defamation, unfair and deceptive trade practices, and declaratory and injunctive relief.

4

Plaintiff also attempts to argue that there is no indication that a court will need to subpoena these witnesses because AGFS-Delaware has "failed to inform the Court whether the witnesses will be willing to travel to a foreign forum." (Response at 8). However, AGFS-Delaware has not obtained any witnesses' agreements to travel to North Carolina to attend depositions or a trial. Thus, compulsory process will be necessary to obtain the presence of any third-party witnesses residing in Georgia.

In sum, Plaintiff's insistence that he was not a party to the subject transaction simply reinforces the lack of any significant relationship between North Carolina and this case.

## II. THE CONVENIENCE OF PLAINTIFF'S COUNSEL IS IRRELEVANT

Plaintiff claims that "the request to transfer the venue of this action to Georgia is merely an attempt by [AGFS-Delaware] to require [him] to incur attorneys' fees" and that this Court should retain venue because his "counsel is located in North Carolina and is not licensed in the Southern District of Georgia." (Response at 9). These arguments miss the mark.

The attorneys representing AGFS-Delaware in this action also are not licensed in Georgia. Accordingly, while it is true that a transfer of venue would require Plaintiff's counsel to obtain *pro hac vice* admission in Georgia, the same is true for AGFS-Delaware's attorneys. And, just as Plaintiff would be required to obtain new counsel in the event his attorneys' *pro hac vice* motions are denied (a scenario which is highly unlikely), the same is true for AGFS-Delaware. It is obvious that Plaintiff's attorneys favor venue in North Carolina because it will simply be more convenient for them. But, as Plaintiff himself notes, "convenience of counsel is generally not considered in determining whether transfer of venue is appropriate." (Response at 9).

## CONCLUSION

Section 1404(a) allows transfer of a case to a more convenient forum. Although it may be more convenient for Plaintiff's attorneys to litigate this case in North Carolina, none of the factors relevant to the Court's analysis weigh in favor of venue in North Carolina. The necessary witnesses reside in Georgia, the relevant documents are located in Georgia, and most of the critical events relevant to this dispute occurred in Georgia. For the reasons stated herein and in AGFS-Delaware's initial Memorandum of Law in Support of its Motion to Transfer Venue, AGFS-Delaware respectfully requests that this Court transfer this action to the Southern District of Georgia—Brunswick Division.

This 22nd day of November 2006.

s/ K. Stacie Corbett
T. Thomas Cottingham, III
N.C. Bar No. 16439
K. Stacie Corbett
N.C. Bar No. 28482
**HUNTON & WILLIAMS LLP**
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
(704) 378-4700
(704) 378-4890 ~ Fax
*Counsel for Defendant*
*American General Financial Services, Inc., a Delaware corporation*

# CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing **REPLY OF DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES, INC. IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER VENUE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  John W. Taylor
  Haley Mathews Jonas
  johntaylorlaw@bellsouth.net

This 22nd day of November 2006.

             **s/ K. Stacie Corbett**
             K. Stacie Corbett