# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV412-C

| | |
|---|---|
| STEVEN WILSON POARCH, SR.) ) Plaintiff, ) ) vs. ) ) AMERICAN GENERAL ) FINANCIAL SERVICES, INC., a ) Delaware Corporation, and ) AMERICAN GENERAL ) FINANCIAL SERVICES, INC., a ) Georgia Corporation, ) ) ) Defendants. ) ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Transfer Venue" and "Memorandum ... in Support ..." (both document #6) and "Motion to Dismiss Plaintiff's First, Second, Third and Fifth Causes of Action and Plaintiff's Fourth Cause of Action in Part" and "Memorandum ... in Support ..." (both document #5), all filed October 2, 2006; and the Plaintiff's "Response[s] ..." (documents ##9 and 10), both filed November 2, 2006.

On November 22, 2006, the Defendants filed their "Repl[ies] ..." (documents ##13 and 14).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Defendants' Motion to Transfer Venue, and, further, will respectfully recommend that the Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

# I. FACTUAL AND PROCEDURAL HISTORY

This is an action to recover damages and equitable relief for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA"), and state common and statutory law, relating to credit reporting of an unpaid balance on a credit account.

The Plaintiff, Steven Wilson Poarch, Sr., is a resident of Gaston County, North Carolina, where he has lived for more than 20 years. The Defendants, "American General Financial Services, Inc., a Delaware Corporation" ("AGFS-Delaware") and "American General Financial Services, Inc., a Georgia Corporation" ("AGFS-Georgia"), provide loans and other credit-related products to consumers, including through their office in Brunswick, Georgia.[1]

The Plaintiff alleges, and the Defendants do not presently dispute, that he was the victim of "identity theft." Specifically, according to account documents maintained by the Defendants, on May 15, 2001, an individual (whose identity is not disclosed in the record and may be unknown to the parties) applied for a line of credit with the Defendants at their Brunswick office. It is undisputed that this individual gave a name other than the Plaintiff's, along with a Darien, Georgia home address, but used the Plaintiff's "personal information" (apparently, his Social Security number, credit history, and credit rating) in support of the application. After the application was approved, the individual then used the credit line to purchase flooring products at The Flooring Zone store in Brunswick. No payments were ever made on the account, which the Defendants began reporting to credit reporting agencies (Trans Union, Experian, and Equifax) as a delinquent account on the Plaintiff's credit report.

---

[1] Although the Defendants presently contend that the subject loan was made by AGFS-Delaware, in an earlier lawsuit in this Court (NCWD File No. 3:05CV290-Mu) between the Plaintiff and AGFS-North Carolina, the Defendant contended that the subject loan was made by AGFS-Georgia, and on that basis the Plaintiff voluntarily dismissed the first action and filed the present action against these Defendants.

On August 18, 2003, and shortly after he became aware that the account was listed on his credit report, the Plaintiff and his counsel each contacted the Defendants and informed them that the Plaintiff did not open the account and had not authorized anyone to open the Account using his personal information. Accepting the allegations of the Complaint as true, the Defendants informed the Plaintiff that the erroneous information would be removed from his credit file, but then failed to remove it.

On August 25, 2004, the Plaintiff sent a letter to each credit reporting agency disputing the account. The Plaintiff alleges that the credit agencies notified the Defendants of the dispute, but that they "verified" to the agencies that the Plaintiff was the debtor on the account, and that "upon information and belief" the account continues, through the present date, to be reported on the Plaintiff's credit report.

On August 23, 2006, the Plaintiff filed his Complaint in the Superior Court of Gaston County, North Carolina, alleging a claim under FCRA that the Defendants either willfully or negligently failed to investigate in response to the Plaintiff's August 2004 complaints to the credit agencies (Fourth Cause of Action), state law claims for defamation (Second Cause of Action) and unfair and deceptive trade practices (Third Cause of Action), and two claims for equitable relief: a declaratory judgment that the Defendants' records are incorrect (First Cause of Action) and an injunction requiring the Defendants to cease reporting the account to his credit report (Fifth Cause of Action).

On September 27, 2006, the Defendants removed the state action to the United States District Court for the Western District of North Carolina, alleging federal question jurisdiction. Removal has not been challenged and appears proper.

On October 2, 2006, the Defendants filed their Motion to Transfer Venue, conceding that this District is a proper venue, but arguing that the Southern District of Georgia would be more convenient because its account records and employee-witnesses are located in Brunswick.

The same day, the Defendants filed their Motion to Dismiss, contending that Plaintiff's defamation claim and any portion of his FCRA claim arising prior to August 23, 2004 are time barred, and that FCRA preempts the Plaintiff's unfair and deceptive trade practice and equitable claims.

The Defendants' Motions have been fully briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION

### A. Motion to Transfer Venue

The Defendants have moved for transfer to the United States District Court for the Northern District of Georgia for the "convenience of the parties" under 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer of venue motion include:

1. The plaintiff's initial choice of forum;

4

2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

See, e.g., AC Controls Co. V. Pomeroy Computer Resources, Inc., 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) ("generally, a plaintiff's choice of forum should be accorded great weight, and should not be lightly disturbed"); Rice v. BellSouth Advertising & Pub. Corp., 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F.Supp. 205, 211-12 (W.D.N.C. 1992); Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990); and McDevitt & Street Co. v. Fidelity & Deposit Co. of Md., 737 F.Supp. 351, 354 (W.D.N.C.1990).

In this district, it is well settled that where the plaintiff has chosen the forum where he resides, transfer to another venue should be allowed only "where the interests of justice weigh heavily in favor of transfer to another district." Nutrition & Fitness, Inc., 264 F.Supp.2d at 362. Where transferring venue would do little more than shift the balance of inconvenience from one party to another, the plaintiff's choice of forum is determinative. Accord Strong Pharmaceutical

Laboratories, LLC v. Trademark Cosmetics, Inc., ___ F. Supp. 2d ___, ___ (D. Md. July 17, 2006) (motion to change venue denied where transfer "would accomplish nothing more than shifting the greater burden and inconvenience of trial from the defendant to plaintiff which is not a proper purpose of a transfer of venue"); and Quilling v. Cristell, ___ F. Supp. 2d ___, ___ (W.D.N.C. July 7, 2006) (motion to change venue denied where "transfer would merely shift the inconvenience from the defendant to the plaintiff"), citing Uniprop Mfrd. Housing Communities Income Fund, 753 F.Supp. at 1322.

Based on the foregoing, the undersigned finds that this case should be litigated in the Western District of North Carolina, the Plaintiff's chosen forum and the federal district in which he resides. Indeed, rather than meeting their burden of showing that the other factors heavily favor the Southern District of Georgia, the Defendants have only alleged that the alternate forum is more convenient to them. There is no evidence in the record, for example, concerning the relative docket congestion of the two districts, any difficulties with the enforceability of a judgment in this forum, or the availability of compulsory process for third-party witnesses, and there has been no asserted need for viewing any immovable items located in Georgia. Finally, although either court is fully capable of applying FCRA, this Court is certainly more familiar with the substantive law governing the Plaintiff's state law claims.

In short, where transferring venue would, at most, shift the balance of inconvenience from the Defendants to the Plaintiff, the Plaintiff's choice of forum controls and, accordingly, the Defendants' Motion to Transfer Venue will be denied

B. **Motion to Dismiss Pursuant to Rule 12(b)(6)**

1. **Standard of Review**

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

## 2. Claim for Violation of Fair Credit Reporting Act

FCRA contains a two-year statute of limitations, 15 U.S.C. Section 1681p, and the Defendants move to dismiss as untimely the Plaintiff's FCRA claim "to the extent [the claim] is based on any alleged conduct occurring before August 23, 2004," that is, more than two years before the Complaint was filed. As the Plaintiff correctly points out in his brief, however, his FCRA claim did not arise, if at all, until sometime after August 25, 2004, when he lodged complaints with the credit reporting agencies, and the Defendants allegedly failed thereafter to conduct a proper investigation.

> Indeed, Section 1681s-2(b)(1) of FCRA provides that:
>
> After receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided ... to a consumer reporting agency, the person shall--(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency ... (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly– (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

If an entity covered by FCRA, which the Defendants concede they are, fails to conduct a reasonable investigation or otherwise negligently fails to comply with Section 1681s-2(b)(1), the aggrieved consumer may bring a private right of action to recover actual damages, costs and attorney's fees. Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 431 (4th Cir. 2004) (where MBNA's investigation into consumer's dispute that she was not the obligor on the account did not

include a search for and examination of the original account application, issue of negligence was for the jury); Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 510 (D. Md. 2004) ("[i]t is generally a question of fact for the jury as to whether a reasonable investigation was conducted"); and Bruce v. First U.S.A. Bank, Nat. Ass'n, 103 F.Supp.2d 1135, 1143 (E.D.Mo. 2000).

FCRA also permits a consumer to recover punitive damages if he can establish that the Section 1681s-2(b) violation was willful. See Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir.1998); Cushman v. Trans Union Corp., 115 F.3d 220, 226-27 (3rd Cir.1997); Akalwadi, 336 F. Supp. 2d at 510; and Bruce, 103 F.Supp.2d at 1143. However, in contrast to a negligence claim, to state a triable willful noncompliance claim under Section 1681s-2(b), the Plaintiff must establish that the Defendants "knowingly and intentionally did not investigate the disputed debt in conscious disregard of [his] rights." Akalwadi, 336 F. Supp. 2d at 510, citing Bakker, 152 F.3d at 1013, Cushman, 115 F.3d at 227 ("to justify an award of punitive damages, a defendant's actions must be on the same order as willful concealments or misrepresentations"), and Bruce, 103 F.Supp.2d at 1143.

It is undisputed that the Plaintiff first complained to the credit agencies on August 25, 2004. Accordingly, the Plaintiff's FCRA claim, filed on August 23, 2006, was timely, and the undersigned will respectfully recommend that the Defendants' Motion to Dismiss the Plaintiff's FCRA claim be denied.

### 3. Defamation Claim

It is well settled that the Plaintiff's defamation claim is subject to the one-year statute of limitations set forth in N.C. Gen. Stat. § 1-53(3). However, the statute of limitations runs separately as to each publication of the allegedly defamatory matter. Accord Iadanza v. Harper, 169 N.C. App.

9

776, 782, 611 S.E. 2d 217, 222-23 (2005) (statute of limitations applied to each "allegation of [defamatory] behavior" and "any [defamatory] statements made before [one year before complaint was filed] are barred by the statute of limitations"); Melton v. Stamm, 138 N.C. App. 314, 315, 530 S.E. 2d 622, 623 (2000) (statute of limitations applied individually to each of three letters written by defendant, even though each contained essentially the same defamatory content); and Gibson v. Mutual Life Ins. Co. of N.Y., 121 N.C. App. 284, 287, 465 S.E. 2d 56, 58 (1996).

Applying these legal principles to the Plaintiff's contention that the Defendants have falsely reported the delinquent account to the credit reporting agencies since at least August 2003 and continue to do so, the one-year statute of limitations acts as a complete bar as to any such publication made prior to August 23, 2005, one year before the Complaint was filed. Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss the Plaintiff's defamation claim be granted as to any allegedly defamatory statements made prior to that date.

### 4. Unfair and Deceptive Trade Practices

In North Carolina, in order to prove an unfair and deceptive trade practice claim, plaintiffs must show that defendants engaged in "unfair or deceptive acts or practices in or affecting commerce." N.C.Gen.Stat. § 75-1.1.

Even assuming arguendo that the Plaintiff has alleged sufficiently egregious conduct to otherwise amount to an unfair or deceptive act in violation of the state statute, this Court has recently held that a North Carolina unfair and deceptive trade practice claim is preempted under the provisions of FCRA Section 1681t(b)(1)(F), which provides that "no requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s-2 ... relating to the responsibilities of persons who furnish information to consumer reporting

10

agencies." Schade v. MBNA America Bank, N.A., NCWD File No. 3:04CV633-H, "Memorandum and Order" at 12-13 (document #35) (granting defendant's motion for summary judgment as to unfair and deceptive trade practices claim) (January 26, 2006). Accord Ryder v. Wash. Mut. Bank, FA, 371 F. Supp. 2d 152, 154-55 (D. Conn. 2005) (holding Connecticut Unfair and Deceptive Trade Practices Act claim preempted under section 1681t(b)(1)(F)); and Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (same for Pennsylvania statute).

For these reasons, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss the Plaintiff's unfair and deceptive trade practices claim be granted.

**5. Claims for Declaratory and Injunctive Relief**

In his Complaint, the Plaintiff seeks a declaratory judgment stating that the Defendants' records are inaccurate and an injunction requiring them to remove the allegedly false information from his credit report. As the Defendants points out in their Motion and briefs, however, although FCRA Section 1681s-2(a) imposes an affirmative duty to furnish accurate information to credit reporting agencies, there is no private right of action for breach of that duty, other than the claim for damages pursuant to Section 1681s-2(b) discussed above. See, e.g., Aklagi v. NationsCredit Fin. Servs. Corp., 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002) (no private right of action under §1681s-2(a)); and Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1237 (D. Wyo. 2002) (same).

For this reason, the undersigned will respectfully Defendant's Motion to Dismiss be granted as to the Plaintiff's claims for declaratory/injunctive relief as well. However, the undersigned notes that in the event the Plaintiff ultimately prevails upon his Section 1681s-2(b) claim, the Defendants' then-continued refusal to remove the disputed account from Plaintiff's credit report would undoubtedly be considered both "knowing and intentional" and, therefore, could trigger potential

liability for prospective punitive damages.

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Defendants' "Motion to Transfer Venue" (document #6) is **DENIED**.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the Defendants' "Motion to Dismiss Plaintiff's First, Second, Third and Fifth Causes of Action and Plaintiff's Fourth Cause of Action in Part"(document #5) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to the Plaintiff's unfair and deceptive trade practice claim, the claims for declaratory relief and an injunction, and the portion of his defamation claim that arose prior to August 23, 2005, and **DENIED** as to his Fair Credit Reporting Act claim and the portion of his defamation claim that arose on or after August 23, 2005.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will

also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED AND RECOMMENDED**.

Signed: November 27, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge